FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

2014 DEC 10 PM 6:00

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES OF AMERICA

v.

EDWARD NEIL FELDMAN, and
KIM XUAN FELDMAN

CASE NO. 8:14-Cr- 521 | 27 AEP
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 1956(h)
18 U.S.C. § 1957
18 U.S.C. § 982(a)(1) - Forfeiture
21 U.S.C. § 853 - Forfeiture

SEALED

## **INDICTMENT**

The Grand Jury charges:

## **COUNT ONE**

From an unknown date, beginning no later than October 2009, and

continuing through on or about the date of this Indictment, in the Middle District of

Florida, the defendants,

**EDWARD NEIL FELDMAN**
and
**KIM XUAN FELDMAN,**

did knowingly and willfully combine, conspire, confederate, and agree with each

other and other persons, both known and unknown to the Grand Jury, to knowingly

and willfully distribute and dispense, and cause the distribution and dispensing of,

controlled substances, primarily Oxycodone and Methadone, Schedule II

controlled substances, and Alprazolam and Diazepam, Schedule IV controlled

substances, not for a legitimate medical purpose and not in the usual course of

professional practice, contrary to Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C) and 841(b)(2).

## COUNT TWO

On or about March 12, 2010, in the Middle District of Florida, the defendant,

### EDWARD NEIL FELDMAN,

did knowingly and intentionally distribute and dispense, and cause the distribution and dispensing of, Oxycodone and Methadone, Schedule II controlled substances, and Alprazolam, a Schedule IV controlled substance, not for a legitimate medical purpose and not in the usual course of professional practice, and the death of J.M. resulted from the use of such Oxycodone, Methadone, and Alprazolam.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(2).

## COUNT THREE

On or about October 5, 2010, in the Middle District of Florida, the defendant,

### EDWARD NEIL FELDMAN,

did knowingly and intentionally distribute and dispense, and cause the distribution and dispensing of, Oxycodone, a Schedule II controlled substance, and Diazepam, a Schedule IV controlled substance, not for a legitimate medical purpose and not in the usual course of professional practice, and the death of R.G. resulted from the use of such Oxycodone and Diazepam.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(2).

2

## COUNT FOUR

On or about May 18, 2011, in the Middle District of Florida, the defendant,

### EDWARD NEIL FELDMAN,

did knowingly and intentionally distribute and dispense, and cause the distribution

and dispensing of, Oxycodone, a Schedule II controlled substance, and

Diazepam, a Schedule IV controlled substance, not for a legitimate medical

purpose and not in the usual course of professional practice, and the death of S.W.

resulted from the use of such Oxycodone and Diazepam.

In violation of Title 21, United States Code, Sections 841(a)(1),

841(b)(1)(C), and 841(b)(2).

## COUNT FIVE

1.      The allegations contained in Count One of this Indictment are hereby

realleged and incorporated by this reference as though fully set forth herein.

2.      From an unknown date, beginning no later than October 2009, and

continuing through on or about the date of this Indictment, in the Middle District of

Florida, the defendants,

### EDWARD NEIL FELDMAN
### and
### KIM XUAN FELDMAN,

did knowingly and willfully combine, conspire, confederate and agree with each

other and other persons, both known and unknown to the Grand Jury, to commit

the following offenses against the United States:

3

(a)     to knowingly conduct and attempt to conduct a financial transaction, which affected interstate and foreign commerce, involving the proceeds of a specified unlawful activity, that is, conspiracy to distribute and dispense, and cause the distribution and dispensing of, controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the funds involved in the financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of a specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i);

(b)     to knowingly conduct and attempt to conduct a financial transaction, which affected interstate and foreign commerce, involving the proceeds of a specified unlawful activity, that is, conspiracy to distribute and dispense, and cause the distribution and dispensing of, controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the funds involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i);

(c)     to knowingly conduct and attempt to conduct a financial transaction, which affected interstate and foreign commerce, involving the proceeds of a specified unlawful activity, that is, conspiracy to distribute and dispense, and cause the distribution and dispensing of, controlled substances, in

4

violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the funds involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

(d)     to knowingly engage and attempt to engage in a monetary transaction, within the United States, which affected interstate and foreign commerce, in criminally derived property of a value greater than $10,000.00, which property was derived from a specified unlawful activity, that is, conspiracy to distribute and dispense, and cause the distribution and dispensing of, controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, contrary to Title 18, United States Code, Section 1957.

3.     The manner and means by which the conspirators sought to accomplish the objects of this conspiracy included, among others, the following:

(a)     It was part of the conspiracy that EDWARD NEIL FELDMAN and KIM XUAN FELDMAN did agree with each other to distribute and dispense controlled substances, including Oxycodone, Methadone, Alprazolam, and Diazepam, not for a legitimate medical purpose and not in the usual course of professional practice from FELDMAN ORTHOPEDIC and WELLNESS CENTER.

(b)     It was a further part of the conspiracy that EDWARD NEIL FELDMAN and KIM XUAN FELDMAN would and did collect significant amounts of

5

cash generated from FELDMAN ORTHOPEDIC and WELLNESS CENTER on a daily basis.

(c)     It was a further part of the conspiracy that EDWARD NEIL FELDMAN and KIM XUAN FELDMAN would and did create several Limited Liability Companies (LLCs) in various names, and would and did open bank accounts in the names of said entities, for the purpose of concealing and disguising the nature, location, source, ownership or control of the proceeds derived from FELDMAN ORTHOPEDIC and WELLNESS CENTER.

(d)     It was a further part of the conspiracy that EDWARD NEIL FELDMAN and KIM XUAN FELDMAN would and did deposit, and cause to be deposited, cash proceeds of FELDMAN ORTHOPEDIC and WELLNESS CENTER into various accounts, including into accounts in the names of their LLCs, at financial institutions in the Middle District of Florida.

(e)     It was a further part of the conspiracy that EDWARD NEIL FELDMAN and KIM XUAN FELDMAN would and did deposit, and caused to be deposited, proceeds derived from FELDMAN ORTHOPEDIC and WELLNESS CENTER in amounts of $10,000 or less in an effort to avoid triggering bank reporting requirements, into bank accounts at financial institutions in the Middle District of Florida.

(f)     It was a further part of the conspiracy that a conspirator would and did transfer, and caused to be transferred, proceeds derived from FELDMAN ORTHOPEDIC and WELLNESS CENTER into bank accounts in Canada for the

purpose of concealing and disguising the nature, location, source, ownership or control of the proceeds derived from FELDMAN ORTHOPEDIC and WELLNESS CENTER.

(g)    It was a further part of the conspiracy that EDWARD NEIL FELDMAN and KIM XUAN FELDMAN would and did move proceeds derived from FELDMAN ORTHOPEDIC and WELLNESS CENTER into, through, and/or out of other bank and/or financial accounts, either personal or business, in amounts greater than $10,000.00.

(h)    It was a further part of the conspiracy that EDWARD NEIL FELDMAN and KIM XUAN FELDMAN would and did use, and cause the use of, proceeds derived from FELDMAN ORTHOPEDIC and WELLNESS CENTER to purchase the residence located at 2711 Trilby Avenue, Tampa, Florida 33611.

(i)    It was a further part of the conspiracy that EDWARD NEIL FELDMAN and KIM XUAN FELDMAN would and did use, and cause the use of, proceeds derived from FELDMAN ORTHOPEDIC and WELLNESS CENTER to purchase the property located at 6100 Park Boulevard, Pinellas Park, Florida 33781.

(j)    It was a further part of the conspiracy that a conspirator would and did deposit, and caused to be deposited, proceeds derived from FELDMAN ORTHOPEDIC and WELLNESS CENTER into separate accounts at Merrill Lynch in the names of EDWARD FELDMAN and KIM FELDMAN, respectively.

All in violation of Title 18, United States Code, Sections 1956(h).

## COUNTS SIX THROUGH EIGHT

1.      The allegations and paragraphs contained in Counts One and Five

of this Indictment are realleged and incorporated as if fully set forth herein.

2.      On or about the dates set forth below in each Count, in the Middle

District of Florida, defendants,

EDWARD NEIL FELDMAN
and
KIM XUAN FELDMAN,

did knowingly engage and attempt to engage in the described monetary

transactions, affecting interstate and foreign commerce, in criminally derived

property of a value greater than $10,000.00, such property having been derived

from a specified unlawful activity, that is, conspiracy to distribute and dispense,

and cause the distribution and dispensing of, controlled substances, in violation of

Title 21, United States Code, Sections 841(a)(1) and 846, as charged in the chart

below, each such instance being a separate Count of the Indictment:

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| SIX | March 15, 2012 | EDWARD NEIL FELDMAN and KIM XUAN FELDMAN caused a wire transfer in the amount of $150,000 from J.P. Morgan Chase Bank account ending in 6961 in the name of FELDMAN ORTHOPEDIC and WELLNESS CENTER to J.P. Morgan Chase Bank account ending in 3599 in the name of EDWARD N. FELDMAN towards the purchase of the property located at 2711 Trilby Avenue, Tampa, Florida 33611. |
| SEVEN | April 3, 2012 | EDWARD NEIL FELDMAN and KIM XUAN FELDMAN caused a wire transfer in the amount of $150,000 from 1st Bank Creve Couer account ending in 8954 in the name of Mark R. Lewis, PA Trust Account to SunTrust Bank account ending in 1078 in the name of Fidelity National Title of Florida, Inc. Custodial Escrow Account toward or in connection with the purchase of the property located at 6100 Park Boulevard, Pinellas Park, Florida 33781. |
| EIGHT | August 24, 2012 | EDWARD NEIL FELDMAN and KIM XUAN FELDMAN caused a wire transfer in the amount of $187,689.50 from Merrill Lynch account ending in 26464 in the name of EDWARD FELDMAN to Merrill Lynch account ending in 30122 in the name of KIM FELDMAN. |

In violation of Title 18, United States Codes, Sections 1957 and 2.

## FORFEITURE

1.      The allegations contained in Counts One through Eight of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982(a)(1).

9

2.     Upon conviction of any or all of Counts One through Four of this Indictment, pursuant to Title 21, United States Code, Section 853, the defendants shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

3.     Upon conviction of any or all of Counts Five through Eight of this Indictment, pursuant to Title 18, United States Code, Section 982(a)(1), the defendants shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

4.     The specific property to be forfeited includes, but is not limited to:

  a. A forfeiture money judgment in the amount of the proceeds of the offenses;

  b. The real property located at 2711 Trilby Avenue, Tampa, Florida 33611;

  c. The real property located at 6100 Park Boulevard, Pinellas Park, Florida 33781;

  d. The contents of Merrill Lynch CMA Account number 764-26464 in the name of EDWARD NEIL FELDMAN;

  e. The contents of Merrill Lynch CMA Account number 764-30122 in the name of KIM XUAN FELDMAN;

  f. The contents seized from TD Bank Money Market Account Number 4260031160, held in the name of Feldman Orthopedic and Wellness Center;

      g.      The contents seized from TD Bank Checking Account Number 4261803542, held in the name of Feldman Orthopedic and Wellness Center; and

      h.      The contents seized from TD Bank Checking Account Number 4266603195, held in the name of Wellness Holdings of Tampa Bay LLC.

5.      If any of the property described above, as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), directly and as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL,

*Carrie Mallen*

Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____

Shauna S. Hale
Assistant United States Attorney

By: _____

Rachelle DesVaux Bedke
Assistant United States Attorney
Chief, Criminal Division (South)

12

FILED

FORM OBD-34
APR 1991

No.

2014 DEC 10  PM 6: 00

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
Middle District of Florida
Division

THE UNITED STATES OF AMERICA

vs.

EDWARD NEIL FELDMAN, and
KIM XUAN FELDMAN

INDICTMENT

Violations:

Title 21, United States Code, Section 846
Title 21, United States Code, Section 841(a)(1)
Title 18, United States Code, Section 1956(h)
Title 18, United States Code, Section 1957
Title 18, United States Code, Section 982(a)(1) – Forfeiture
Title 21, United States Code, Section 853 – Forfeiture

A true bill,

_Cami Muller_
Foreperson

Filed in open court this 10th day

of December, 2014.

_____
Clerk

Bail  $_____